Rice-D v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-90-091-CR

        DAVID RICE,
                                                                                       Appellant
        v.

        THE STATE OF TEXAS,
                                                                                       Appellee
 

 From the 54th District Court
McLennan County, Texas
Trial Court # 90-56-C
                                                                                                                
                                                                     
CONCURRING OPINION
                                                                                                     

          I reluctantly concur in affirming the conviction. The lead opinion demonstrates that
Appellant waived his right to complain about the substantial trial errors—a portrait of counsel
rendering less than effective assistance. The dissent paints a picture of a prosecutor intent on
proving that Appellant had a bad character, on introducing hearsay into evidence, on informing
the jury of the limited punishment for a conviction without a finding of aggravating circumstances,
and on commenting on his failure to confess.
          I do not question that Appellant was guilty of an offense; overwhelming evidence was
presented to show that he was guilty of the offense of kidnapping. I have reservations, however,
about whether we should endorse the finding of aggravated circumstances and the consequent
punishment when the prosecutor was outside of the bounds of proper prosecutorial conduct and
Appellant's counsel did not preserve his complaints for appeal. However, it was incumbent upon
Appellant to properly preserve his complaints in the proceedings below. See Tex. R. App. P.
52(a). Because he did not, as the lead opinion points out, I reluctantly agree that the complained-of errors were waived. See id.
          I do not agree with the harmless error analysis. All points of error have been overruled
and no harm analysis is necessary. If we had found error, I do not believe that it would be
harmless under the facts and circumstances of this case. See Harris v. State, 790 S.W.2d 568,
585-86 (Tex. Crim. App. 1989).
 
 
                                                                                 BILL VANCE
                                                                                 Justice

Opinion delivered and filed December 18, 1991
Do not publish